FILED
Lucinda B. Rauback, Clerk
United States Bankruptcy Court
Augusta, Georgia
By jpayton at 10:08 am, Sep 10, 2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 Case |
| | ) | Number <u>10-10311</u> |
| CARRIE L. ANDERSON | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |

## OPINION AND ORDER

Debtor's Motion to Waive Reopening Fee having been read and considered is denied. While waiver of the reopening fee is authorized under "appropriate circumstances," the reasons cited by Debtor do not constitute appropriate circumstances. <u>See</u> 28 U.S.C. §1930(f)(2) and (3); Bankruptcy Court Miscellaneous Fee Schedule ¶11 <u>reprinted</u> in 28 U.S.C. §1930. First, Debtor failed to establish that she falls within the in forma pauperis status of 28 U.S.C. §1930(f). <u>See</u> <u>In re Baumler</u>, 2010 WL 3239354 *2 (Bankr. N.D. Ohio Aug. 16, 2010)(stating the debtor had failed to submit evidence that the debtor would meet the requirements for proceeding in forma pauperis). Second, Debtor has not provided grounds for the waiver. Lack of funds to pay the fee is not the sole consideration for determining "appropriate circumstances." <u>Id.</u>; <u>In re Miskimon</u>, 2006 WL 3194075 *3 (Bankr. D. Md. Oct. 24, 2006)(rejecting waiver of the reopening fee in cases in which the debtor's income would have made

⚖AO 72A
(Rev. 8/82)

the debtor eligible to apply for a waiver where the debtor provided no explanation as to why the debtor failed to file the certificate within the allotted time); Bankruptcy Court Miscellaneous Fee Schedule ¶11 reprinted in 28 U.S.C. §1930 ("The reopening fee must be charged when a case has been closed without a discharge being entered.").

Certain responsibilities and obligations accompany the fresh start provided by a bankruptcy discharge and one of these responsibilities is to timely tender evidence of debtor's completion of the personal financial management course. See 11 U.S.C. §111 and §727(a)(11); Fed. R. Bankr. P. 1007(b)(7). Pursuant to Bankruptcy Rule 1007(c), Debtor was required to file a statement of her completion of the course concerning personal financial management within 60 days after the first date set for the meeting of creditors, in this case August 5, 2013. Fed. R. Bankr. P. 1007(C); Dckt. No. 9; Dckt. No. 35 (Clerk's Entry noting the Financial Management Certificate was due August 5, 2013). There is no evidence that Debtor is not responsible for the failure to timely file the certificate. Under these circumstances, waiving the reopening fee is inappropriate. See eg. In re Baumler, 2010 WL 3239354 at *2; In re Miskimon, 2006 WL 3194075 at *3; In re Deterville, 2012 WL 1509148 (Bankr. M.D. Fla. April 30,

2

2012)(finding waiver appropriate where the debtor's failure to complete the financial management course was due to being called to active military service).

For these reasons, Debtor's Motion to Waive the Reopening Fee is ORDERED denied. Debtor shall tender the fee to the Clerk's office within 14 days of the entry of this order or her Motion to Reopen shall be denied.

/s/ Susan D. Barrett
SUSAN D. BARRETT
CHIEF UNITED STATES BANKRUPTCY JUDGE

Dated at Augusta, Georgia
this 10th day of September 2013.

AO 72A
(Rev. 8/82)